[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12325
Non-Argument Calendar
_____

D.C. Docket Nos. 3:15-cv-00075-DHB-BKE; 3:09-bkc-30446-SDB

MORITIZ D. HOLLOWAY,

                                                                                                                Debtor.

_____

TODD BOUDREAUX, et al.,

                                                                                                                Plaintiffs,

D. DUSTON TAPLEY, JR.,
JAY TAPLEY,

                                                                                              Plaintiffs-Appellants,

versus

MORITZ D. HOLLOWAY,
TIDAL WATERS PROPERTIES, INC.,
INVERTED INC.,
DEVONE HOLLOWAY,

                                                                                                Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(February 24, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

D. Duston Tapley, Jr. ("D. Tapley") and Jay Tapley ("J. Tapley"), both proceeding pro se, appeal the district court's affirmance of the bankruptcy court's grant of a motion for a directed verdict filed by chapter 7 trustee Todd Boudreaux ("the trustee"). The case involves the estate of Charlie Sharpe Sr., who died in 1955, but whose will was never probated and whose estate was not administered until 2009. Soon after Sharpe's death, certain of his property was conveyed to his son, Arthur Sharpe, and much later, in 2009, pursuant to orders from the superior court of Montgomery County, Georgia, Arthur Sharpe's 76.06 acres of land was ultimately conveyed to Moritz D. Holloway, the chapter 7 debtor, and his assigns. Holloway, for his part, had transferred portions of his interest in the property to D. Tapley and Inverted, Inc. ("Inverted"), with corrected deeds filed in January 2007. On July 23, 2009, the administrators of Charlie Sharpe, Sr.'s estate signed a deed of assent, conveying to Tidal Water Properties, Inc. ("Tidal Water") Arthur Sharpe's 76.06 acres of land, presumably as Holloway's assign. Holloway filed a chapter 13 (later converted to chapter 7) bankruptcy petition on August 3, 2009. Thereafter, the trustee filed a complaint against Holloway, D. Tapley, J. Tapley, Tidal Water, Inverted, and others, alleging, inter alia, fraudulent transfers of property, pursuant to 11 U.S.C. §§ 547, 548.

2

On appeal, D. Tapley argues that: (1) Georgia's pre-1998 probate code controlled the vesting of title, so the transfer at issue fell outside of § 548's two-year reach-back limit; (2) the bankruptcy court erred by finding a fiduciary duty between himself and the debtor, and by finding he breached his fiduciary duty; (3) the damages award was too high because only one transfer fell within the two-year reach-back period -- a conveyance of one-half of the debtor's remaining one-third interest; (4) the debtor should have been jointly included in the damages; (5) the transfer also fell outside of Georgia's Fraudulent Transfer Act's ("GFTA") four-year statute of limitations; and (6) the bankruptcy court failed to establish a sufficient basis for the valuation of damages, and erroneously calculated damages based on the value of the property when he sold it rather than when he purchased it. J. Tapley repeats most of D. Tapley's arguments, but also argues that the bankruptcy court erred by concluding that he was a joint venturer with the debtor, had a fiduciary duty, and breached that duty. After careful review, we affirm.

As the second court of review in bankruptcy cases, we examine the decision of the bankruptcy court independently of the district court. In re TOUSA, Inc., 680 F.3d 1298, 1310 (11th Cir. 2012). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. In addition, to obtain a reversal, "an appellant must convince us that every stated ground for the judgment against him is incorrect." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678,

3

680 (11th Cir. 2014). If the appellant does not address one of the grounds, he "is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Id. As a general rule, we will not consider a legal issue or theory raised for the first time on appeal. Formby v. Farmers & Merchants Bank, 904 F.2d 627, 634 (11th Cir. 1990).

Under 11 U.S.C. § 548(a)(1), a "trustee may avoid any transfer . . . of an interest of the debtor in property or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition[.]" 11 U.S.C. § 548(a)(1). For the purposes of § 548(a)(1), a "transfer" is "made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee[.]" Id. § 548(d)(1). We look to state law for the purposes of determining when a transfer is perfected. See Palmer v. Radio Corp. of Am., 453 F.2d 1133, 1138 (5th Cir. 1971).[1]

Under Georgia law, when the owner of realty dies testate, the devisees in the will have an inchoate title in the realty which is perfected when the executor assents to the devise. Oliver v. Irvin, 135 S.E.2d 376, 377 (Ga. 1964). Even if the will is unprobated, a devisee with an interest in real property stemming from the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

4

unprobated will has a similar, inchoate, legally protected title in the realty. See Allan v. Allan, 223 S.E.2d 445, 448 (Ga. 1976) (concluding that devisee of one-half interest in realty under unprobated will had a legally protected interest in the real property).

A deed that fails to include a beginning point or other specifications enabling one to definitively locate the property to be conveyed is invalid. See Lord v. Holland, 655 S.E.2d 602, 604 (Ga. 2008). A party cannot convey title to property to which he does not hold title, whatever his intentions may be. Vance v. Jackson, 504 S.E.2d 529, 531 (Ga. 1998).

Here, the bankruptcy court did not err by concluding that Holloway's transfer of property to Tidal Water fell within § 548's two-year reach-back limit. As the record shows, Charlie Sharpe Sr. died with a will that was unprobated. But regardless of whether the will was probated, those with interests in the property stemming from the will, such as Arthur Sharpe, only retained an inchoate interest in the property. See Allan, 223 S.E.2d at 448. Under Georgia law, Arthur Sharpe's inchoate interest in the property perfected when the executor of his father's estate assented to the devise. Oliver, 135 S.E.2d at 377. That happened on July 23, 2009. Thus, the date the executor assented -- July 23, 2009 -- is the relevant date of the transfer. 11 U.S.C. § 548(d)(1). Because Holloway's

bankruptcy case was initially filed on August 3, 2009, the deed of assent was well within the two-year reach-back period.

The plaintiffs argue that because the pre-1998 probate code provided that the date of death dictates when title to property vests, Arthur Sharpe's interest in the property vested upon his father's death in 1955, and not 2009. Thus, the plaintiffs say, Holloway's 2006-07 conveyances of interest in the property did not fall within the Bankruptcy Code's two-year reach-back period. We disagree. Even before 1998, the law provided that Arthur Sharpe's inchoate interest in the property did not perfect until the executor of his father's estate assented to the devise, which occurred on July 23, 2009. See Allan, 223 S.E.2d at 448; Oliver, 135 S.E.2d at 377. Moreover, and in any event, the bankruptcy court held that the legal descriptions of the property in the earlier transfers were so insufficiently vague that they were invalid to convey title, and that title was unclear until the 2009 probate court orders. Because the plaintiffs do not challenge this independent holding of the bankruptcy court on appeal, their arguments concerning the pre-1998 probate code must fail. Sapuppo, 739 F.3d at 680.

As for the plaintiffs' arguments concerning their fiduciary duties, the debtor's joint liability, the GFTA, or J. Tapley's argument that he did not act as a joint venturer with the debtor, we need not reach them. As the record shows, the bankruptcy court concluded that even though it held in favor of the trustee on

several grounds, the trustee could only recover the value of the property, minus any appropriate setoffs. Because the trustee's damage award would have been the same had the bankruptcy court determined that the plaintiffs were liable only for the § 548 fraudulent transfer, the plaintiffs' other challenges do not affect the disposition of this appeal. See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1279 (11th Cir. 2008) ("Because we conclude that the jury was entitled to return a verdict for Goldsmith on his claim of retaliation and the jury awarded the same damages based upon both theories of wrongful termination, we need not address any issues about Goldsmith's alternative claim that his termination was based on his race.").

Lastly, D. Tapley failed to raise his damages arguments -- that the bankruptcy court's valuation lacked a sufficient basis and that Holloway should have been included in the damages -- before the bankruptcy court. Because we generally do not consider issues not raised below, we decline to address his damages arguments. See Formby, 904 F.2d at 634.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 24, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-12325-CC
Case Style: D. Tapley v. Moritz Holloway, et al
District Court Docket No: 3:15-cv-00075-DHB-BKE
Secondary Case Number: 3:09-bkc-30446-SDB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Julie F. Cohen, CC at (404) 335-6170.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs